**David ZAITZEFF, Plaintiff-Appellant,**

v.

**CITY OF SEATTLE, a municipality; Daniel Satterberg, King County Prosecutor, those in privity with him, in re RCW 9.41.250 and Sea v Evans, Defendants-Appellees.**

No. 16-35955

United States Court of Appeals, Ninth Circuit.

Submitted November 15, 2017 [*]

Filed November 21, 2017

David Zaitzeff, Pro Se

Scott P. Kennedy, Gary Theodore Smith, Assistant City Attorney, Seattle City Attorney's Office, Seattle, WA, for Defendant-Appellee City of Seattle

David James Eldred, Esquire, Senior Litigating Attorney, John R. Zeldenrust, King County Prosecuting Attorney's Office, Seattle, WA, for Defendant-Appellee

Before: CANBY, TROTT, and GRABER, Circuit Judges.

### MEMORANDUM [***]

David Zaitzeff appeals pro se from the district court's judgment dismissing for lack of standing his action alleging that Revised Washington Code section 9.41.250 and Seattle Municipal Code sections

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

12A.14.080 and .083 violate his First and Second Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wilson v. Kayo Oil Co.*, 563 F.3d 979, 980 (9th Cir. 2009). We affirm.

The district court properly dismissed Zaitzeff's action because Zaitzeff failed to allege facts sufficient to establish constitutional standing to bring a pre-enforcement challenge to a statute. *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (setting forth factors to consider in evaluating genuineness of a claimed threat of prosecution); *San Diego Cty. Gun Rights Comm'n v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) (plaintiff must show a *"genuine* threat of *imminent* prosecution" (citation and quotation marks omitted)); *see also Libertarian Party v. Bowen*, 709 F.3d 867, 870 (9th Cir. 2013) (in First Amendment context, courts consider "whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and the history of past prosecution or enforcement under the challenged statute").

**AFFIRMED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.